15 Civ. 1917 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALLAS PESOLA,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK et al.,

                              Defendants,

**MEMORANDUM OF LAW IN REPLY**

*ZACHARY CARTER*
*Corporation Counsel of the City of New York*
*Attorney for: Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel Joy Anakhu*
*Tel: (212) 356-2323*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................1

    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY......................................................................................1

    PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS FAILS AS PLED .........................................................................................................4

    PLAINTIFF'S MALICIOUS PROSECUTION AND PROCEDURAL DUE PROCESS CLAIMS MUST BE DISMISSED……………………………………………………………

    PLAINTIFF'S FOURTH AMENDMENT CLAIMS MUST BE DISMISSED ..................................................................................................................7

        A.      FALSE ARREST CLAIMS..............................................8

        B.      FORCE USED DURING PLAINTIFF'S SEIZURE.......................9

    THE DEFENDANT OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY................................................................................................................10

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Pages**

Acosta v. City of New York, No. 11 Civ. 856 (KBF), 2012 U.S. Dist. LEXIS 60460
  (S.D.N.Y. Apr. 26, 2012) .................................................................................................... 10
Ashcroft v. Iqbal, 556 U.S. 662, 681-2 (2009) ............................................................................... 5
Atlantic Corp. v. Twombly, 550 U.S. 544, 567 (2007) ................................................................. 5
Carlo v. City of Chino, 105 F.3d 493, 497-500 (9th Cir. 1997) ..................................................... 7
Cofone v. Manson, 594 F.2d 934, 938 (2d Cir. 1979) ................................................................... 7
Crenshaw v. City of Mount Vernon, 372 F. App'x. 202 (2d Cir. 2010) ........................................ 8
Fabrikant v. French,
  691 F.3d 193 (2d Cir. 2012) ........................................................................................................ 5
Garcia v. Bloomberg, 865 F. Supp.2d 478, 492 (S.D.N.Y. 2012). ................................................ 3
Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014) ............................................................................ 10
Gerstein v. Pugh, 420 U.S. 103 (1975) .......................................................................................... 7
Higginbotham v. City of New York, 2015 U.S. Dist. LEXIS 62227 (S.D.N.Y. May 12,
  2015) .......................................................................................................................................... 10
Jackson v. Cnty. of Rockland, 450 F.App'x. 15, 19 (2d Cir. 2011) ............................................... 3
Jean-Laurent v. Wilkerson, 461 F. App'x 18, 22-23 (2d Cir. 2012) ............................................. 3
Jenkins v. City of New York, 1999 U.S. Dist. LEXIS 15353 (S.D.N.Y. Sept. 29, 1999) .............. 6
Jenkins v. City of New York, 98 Civ. 7170 (JGK) ........................................................................ 6
Johnson v. Constantellis, 221 Fed. Appx. 48 (2d Cir. 2007) ......................................................... 6
Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006) ................................................. 3
Kuck v. Danaher, 600 F.3d 159 (2d Cir. 2010) ............................................................................. 5
Lebowitz v. City of New York,  606 Fed. App'x. 17 (2d Cir. 2015) .............................................. 7
Lebowitz v. City of New York, 2014 U.S. Dist. LEXIS 25515, *6 (S.D.N.Y. 2014) .................... 4
Los Angeles v. Heller, 47 U.S. 796, 799 (1986) ............................................................................ 2
Lowth v. Town of Cheektowaga, 82 F.3d 563 (2d Cir. 1996) ....................................................... 6
Marcavage v. City of New York, 689 F.3d 98 (2d Cir. 2012) ....................................................... 8
Maryland v. King, 133 S. Ct. 1958, 1975 (2013) .......................................................................... 4
Monell v. New York City Department of Social Services, 436 U.S. 658 (1978) ............... 1, 2, 3, 8
Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ........................................................................... 7
Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) ................................................... 2
People v. Weaver, 16 N.Y.3d 123 (N.Y. 2011) ............................................................................. 8
Rounseville v. Zahl, 13 F.3d 625 (2d Cir. 1994) ........................................................................... 6
Santulli v. Russelo, 519 Fed App'x. 706 (2d Cir. 2013) ............................................................... 5
Shaffer v. United States, 24 App. D. C. 417, 426 (1904) .............................................................. 4
Sorlucco v. N.Y.C. Police Dep't, 971 F.2d at 870 ......................................................................... 2
Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010) .................................................................... 9
United States v. Nelson, 500 Fed. Appx. 90, (2d Cir. 2012) ......................................................... 8
Walker v. City of New York, 2014 U.S. Dist. LEXIS 42272, at* 6-7 (S.D.N.Y. 2014) ................ 3
Watson v. City of New York, 92 F.3d 31, 37 (2d Cir. 1996) ......................................................... 7

| **Cases** | **Pages** |

## STATUTES

42 U.S.C § 1983 ......................................................................................................... 2, 3
N.Y. CPL § 140.20 ....................................................................................................... 5
N.Y. Penal Law § 240.20(5) ...................................................................................... 8,9
N.Y. Penal Law § 240.20(6) ...................................................................................... 8,9
N.Y. Penal Law § 195.05 ........................................................................................... 8,9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DALLAS PESOLA,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK et al.,

                            Defendants,

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)**

**15 Civ. 1917 (PKC)**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

        Defendants by their attorney Zachary Carter, Corporation Counsel of the City of New York, hereby submit this Reply Memorandum of Law in further support of their motion to dismiss. Defendants respectfully submit that Plaintiff's opposition fails to controvert several arguments set forth in Defendant's August 21, 2015, motion. Plaintiff fails to state a claim under the First Amendment, municipal liability, excessive force, procedural due process, malicious prosecution or for false arrest. Accordingly, Defendant's motion should be granted and Plaintiff's complaint must be dismissed with prejudice.

## ARGUMENT

### PLAINTIFF'S COMPLAINT, EVEN AS PLED, FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY.

        Plaintiff's municipal liability claim should be dismissed because Plaintiff fails to properly plead a claim for municipal liability. In Plaintiff's opposition motion, Plaintiff offers three theories of municipal liability pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978): (1) that Defendant City has a policy of suppressing First

Amendment activity by manufacturing congestion and then giving dispersal orders that are impossible to obey; (2) that there is a policy of concealing officer identities; and (3) policy of conducting iris scans.

In order to hold a municipality liable under 42 U.S.C § 1983 for the allegedly unconstitutional acts of its employees, a plaintiff must prove: (1) that the alleged actions by the employees were the result of a specific official policy, custom, or practice of the municipal defendant; (2) that this policy, practice, or custom caused plaintiff's alleged injuries; and (3) that those alleged injuries constituted a violation of plaintiff's constitutional rights. Monell, 436 U.S. 658, 691-694.

Here, Plaintiff's Monell claims must be dismissed as he suffered no constitutional violation. "[N]either Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." Los Angeles v. Heller, 47 U.S. 796, 799 (1986).

Plaintiff's first theory of manufacturing congestion fails as a matter of law. Plaintiff's reliance on a handful of unrelated incidents, that as plaintiff concedes, occurred within a limited period of time, does not give rise to a municipal practice that "was so 'persistent or widespread' as to constitute 'a custom or usage with the force of law.'" See Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004), see also Sorlucco v. N.Y.C. Police Department, 971 F.2d 864, 870. Nor does Plaintiff sufficiently plead that the theory of manufacturing congestion so manifest by subordinate officers as to imply the "constructive acquiescence of senior policy-making officials." Sorlucco, 971 F.2d at 871. Here plaintiff argues that supervisory personnel were present during the demonstration and "personally engaged in the coordinated procedure" of

2

the unconstitutional conduct. See Pl's Opp at 3. Yet plaintiff fails to plead that any of these supervisors were at the senior policy making level. In short, plaintiff's Monell claim, even as argued, is at most "implausible" as well as "conspiratorial" and should therefore be dismissed. See Garcia v. Bloomberg, 865 F. Supp. 2d 478, 492 (S.D.N.Y. 2012). Moreover, since probable cause existed for Plaintiff's arrest, Plaintiff's claim cannot proceed because Plaintiff suffered no underlying constitutional deprivation.

In any event, Plaintiff's reliance on a handful of lawsuits and/or incidents to make out his Monell theory fails as they are not even remotely related to the facts alleged in this case and legally insufficient regardless. "[C]itation to various lawsuits" [or incidents] is "not probative of the existence of an underlying policy that could be relevant" Jean-Laurent v. Wilkerson, 461 F. App'x 18, 22-23 (2d Cir. 2012); "The paltry number of complaints (none resulting in an adjudication of liability), spread over a period so long in a city so large, hardly suggests the frequency or pervasiveness of the purported custom that is required to state a Monell claim." Walker v. City of New York, No. 12 Civ. 5902 (PAC) 2014 U.S. Dist. LEXIS 42272, at* 6-7 (S.D.N.Y. 2014). That is particularly true here, where plaintiff relies upon his own incident as evidence that a policy exists as it relates to his "manufacturing of congestion" theory. See Pl's Opp at 7.

Plaintiff's second Monell theory, that Defendant City has a policy of concealing officer identities lack factual basis. "As these assertions lack any factual foundation, they are merely conclusory allegations 'masquerading as factual conclusions,' which are insufficient to defeat a motion to dismiss." Jackson v. Cnty. of Rockland, 450 F. App'x. 15, 19 (2d Cir. 2011) (citing Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006) (dismissing § 1983 false arrest claim because the complaint's allegations were merely conclusory and generally lacked a

3

factual foundation) (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d. Cir. 2002). Further, Plaintiff fails to sufficiently plead how this alleged policy led to a deprivation of Plaintiff's constitutional rights, leaving Defendants and the Court to speculate about the substance of these claims for any showing of causation.

Similarly, plaintiff's third Monell theory, that the City of New York has a written policy related to iris scans, also fails as a matter of law. As observed in Lebowitz v. City of New York, 2014 U.S. Dist. LEXIS 25515, *6 (S.D.N.Y. 2014) "the iris scan is a high resolution photograph of the outwardly visible pigmented portions of an individual's eye, and [] more accurate than fingerprints in confirming identity". Id. Photographic images such as this serves a narrow function of confirming prisoner identity at arraignment and has been deemed reasonable and lawful. See Maryland v. King, 133 S. Ct. 1958, 1975 (2013) (noting that the use of photography by law enforcement was a permissible and daily practice used for "the safe-keeping of a prisoner, and to prevent escape." The Court also noted that courts have concluded, "it would be [a] matter of regret to have its use unduly restricted upon any fanciful theory or constitutional privilege." Citing Shaffer v. United States, 24 App. D. C. 417, 426 (1904)).

Outside of conjecture, plaintiff fails to provide any factual support that the use of the iris scan (which he readily admits, he did not undergo) is unconstitutional or that the program deprived him of his constitutional rights. Therefore this claim must be dismissed.

### PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS FAILS AS PLED

Plaintiff's First Amendment retaliation claims fails as probable cause existed for his arrest; qualified immunity shields the actions of the officers and Plaintiff does not plausibly allege that the actions of the officers were caused by the exercise of his First Amendment rights.

Probable cause is a complete defense to a claim of First Amendment retaliation. See Fabrikant v. French, 691 F.3d 193, 215-216 (2d Cir. 2012). Here, as outlined above Plaintiff fails to plead facts to establish a lack of probable cause or to overcome the defendant officer's right to qualified immunity for Plaintiff's First Amendment claims. While plaintiff argues that protests on a public street should be "cherished" (see Pl's Opp at 8), he blatantly ignores the legal premise as set forth in Papineau, which expressly states, "the First Amendment does not insulate individuals from criminal sanction merely because they are simultaneously engaged in expressive activity." Papineau v. Parmley, 465 F.3d 46, 58 (2d Cir. 2006) (citing Cox v. La., 379 U.S. 536, 554 (1965)(citations omitted)). Further, Plaintiff does not sufficiently plead facts to suggest his arrest was motivated by either his presence at the demonstration or as an observer to an arrest.

Plaintiff's allegation that he was observing an arrest when he was approached by defendants and arrested- without more- is insufficient to show that the defendants' actions were motivated or substantially caused by the exercise of observing an arrest. Kuck v. Danaher, 600 F.3d 159, 168, (2d Cir. 2010); Santulli v. Russelo, 519 Fed App'x. 706, 709 (2d Cir. 2013). This is particularly true as plaintiff concedes that prior to his arrest; orders were given to disperse which he clearly ignored. When looking to a theory that as alleged is "consistent with an unlawful" purpose, the Court must still dismiss the same claim where it is "more likely explained by, lawful [] behavior." Atlantic Corp. v. Twombly, 550 U.S. 544, 567 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-2 (2009) ("Taken as true, these allegations are consistent with [discrimination based on race, religion or national origin]. But given more likely explanations they do not plausibly establish this purpose.")

5

As plaintiff fails to plausibly allege that defendants' actions were motivated by his observation of an arrest, and it is "more likely" that it was because he refused lawful orders to clear the sidewalk, this claim must be dismissed. Iqbal, 556 U.S. 682.

### PLAINTIFF'S MALICIOUS PROSECUTION AND PROCEDURAL DUE PROCESS CLAIMS MUST BE DISMISSED

Plaintiff's malicious prosecution claim must be dismissed as there was probable cause for his arrest and prosecution. "Probable cause to commence a criminal proceeding exists when a defendant has 'knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting [plaintiff] in the manner complained of." Jenkins v. City of New York, 98 Civ. 7170 (JGK), 1999 U.S. Dist. LEXIS 15353, at *30 (S.D.N.Y. 1999), aff'd, 216 F.3d 1072 (2d Cir. 2000) (quoting Rounseville v. Zahl, 13 F.3d 625, 629 (2d Cir. 1994)). So long as there exists probable cause to arrest, there is probable cause to prosecute unless the discovery of some intervening fact makes the groundless nature of the criminal charges readily apparent. Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996). Here there was probable cause for plaintiff's arrest as he admits that dispersal orders were given to clear the sidewalk and he cannot dispute that he did not attempt to comply with these orders. "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact." Johnson v. Constantellis, 221 Fed. Appx. 48, 50 (2d Cir. 2007). As Plaintiff pleads no intervening facts to negate probable cause, his malicious prosecution claim must be dismissed.

Likewise, any claim under the Fourteenth Amendment's Procedural Due Process clause must be dismissed as it is not supported by law. The Second Circuit has previously held that there is no private right of action pursuant to N.Y. CPL 140.20. See Watson v. City of New

York, 92 F.3d 31, 37 (2d Cir. 1996) ("Ample precedent establishes that a state rule of criminal procedure, such as section 140.20[], does not create a liberty interest that is entitled to protection under the federal Constitution.") Further as noted by the Supreme Court "process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Plaintiff's reliance on Carlo v. City of Chino, 105 F.3d 493, 497-500 (9th Cir. 1997), is misplaced and inapplicable in this context. "'Although a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural protections.'" Watson, 92 F.3d 31 at 38 (quoting Cofone v. Manson, 594 F.2d 934, 938 (2d Cir. 1979).

Further, plaintiff concedes that his detention did not exceed 48 hours and is therefore presumptively reasonable which he fails to rebut. "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein v. Pugh, 420 U.S. 103 (1975). See also Lebowitz v. City of New York, 606 Fed. App'x. 17, 18 (2d Cir. 2015) (summary order)(finding any pre-arraignment delay the plaintiffs experienced was presumptively reasonable where plaintiffs were arraigned within 48 hours). Therefore, based on the foregoing any claim predicated on the Fourteenth Amendment should be dismissed.

### PLAINTIFF'S FOURTH AMENDMENT CLAIMS MUST BE DISMISSED

Plaintiff's opposition motion alleges the following Fourth Amendment violations: (1) false arrest; and (2) excessive force during Plaintiff's arrest. In the alternative, Defendants are entitled to qualified immunity.

7

## A. FALSE ARREST CLAIMS

Plaintiff's false arrest and related <u>Monell</u> claims fail because there was probable cause to arrest Plaintiff on March 17, 2015. As it relates to N.Y. PENAL LAW § 240.20(6), it is clear that dispersal orders were given to clear the sidewalk, and plaintiff cannot contest that he refused to comply with said orders. Plaintiff's conclusory argument that the orders were unlawful is simply unsupported by the record. "Under [NY PL §240.20(6)] a person is guilty of committing disorderly conduct if he refuses to obey an officer's order to move, unless the order was purely arbitrary and not calculated in any way to promote the public order." <u>Crenshaw v. City of Mount Vernon</u>, 372 F. App'x. 202, 206 (2d Cir. 2010) (summary order); <u>See</u> <u>United States v. Nelson</u>, 500 Fed. Appx. 90, 93 (2d Cir. 2012). Here plaintiff pleads insufficient facts to support the conclusion that the orders were unlawful. As it relates to N.Y. PENAL LAW §240(5), plaintiff argues that the elements of this statute is not met because demonstrators must intend to cause "a traffic problem for other pedestrians." <u>See</u> Pl's Opp at 7. Plaintiff misunderstands the *mens rea* requirement of the statute. The statute applies even without evidence of public inconvenience, annoyance or alarm, "if the conduct recklessly creates a risk of such public disruption." <u>People v. Weaver</u>, 16 N.Y.3d 123, 128 (N.Y. 2011). ("[T]here is no per se requirement that members of the public must be involved or react to the incident.").

Here, plaintiff attaches video still images to his Complaint that clearly depict a congested sidewalk filled with protestors. Plaintiff's presence, as part of a large group of protestors, created a significant risk of disruption as stressed by the statute. As it relates to N.Y. PENAL LAW §195.05, Plaintiff fails to rebut the case law offered which makes clear that refusing lawful orders, even when engaged in First Amendment activity, provides probable cause for a violation of NY Penal Law §195.05. <u>Marcavage v. City of New York</u>, 689 F.3d 98, 110 (2d Cir. 2012). Here, plaintiff doesn't dispute that the regulation of pedestrian traffic during a

demonstration is not only paramount but also an essential governmental function. As noted in defendants' moving papers, the video stills attached to plaintiff's Complaint, show that a large crowd was standing shoulder-to-shoulder at the demonstration and officers at the demonstration had the lawful ability to facilitate the flow of pedestrian traffic. Plaintiff's actions of refusing to comply with the officers' orders to disperse essentially interfered with the officers' efforts to maintain a congestion-free sidewalk. Based on the foregoing, officers had probable cause to believe plaintiff's conduct violated §§ 240.20(5) & (6), as well as § 195.05. Accordingly, the false arrest claim must fail.

### B. FORCE USED DURING PLAINTIFF'S SEIZURE

Plaintiff's opposition motion cites to various video stills attached to his Complaint when challenging the amount of force used in the seizure. "The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of affecting an arrest." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010).

Here, Plaintiff presents two arguments for his excessive force claim 1) that officers placed his hands behind his back until it was between his shoulder blades, and 2) officers grabbed him in a manner "banned" while taking him to the pavement. Yet despite being uninjured and requiring, no treatment plaintiff argues his excessive force claim should be maintained. The standards are clear, and plaintiff's contact fails to raise a claim of excessive force as pled. Additionally, Plaintiff suffered no physical injury from his arrest. "Courts in this District have routinely dismissed excessive force claims where the plaintiff [] did not allege any physical injuries." Higginbotham v. City of New York, No. 14 Civ. 8549 (PKC)(RLE) 2015 U.S.

Dist. LEXIS 62227, at *14 (S.D.N.Y. May 12, 2015) (citing Acosta v. City of New York, No. 11 Civ. 856 (KBF), 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. Apr. 26, 2012)).

## THE DEFENDANT OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

Alternatively, the Defendant officers are entitled to qualified immunity on each of plaintiff's claims. "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014) Plaintiff fails to describe how any Defendant acted contrary to clearly established law or even in an unreasonably manner.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
            October 2, 2015

                              ZACHARY CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2323

                              By: _____/s/_____
                                  Joy Anakhu
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

To:  Hon. Kevin P. Castel
 United States District Judge
 Southern District of New York
 500 Pearl Street
 New York, NY 10007

 Paul Mills, Esq.
 *Attorney for Plaintiff*
 The Law Office of Paul Mills
 PO Box No. 20141
 New York, NY 10025-9992