UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DALLAS PESOLA,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, NYPD DEPUTY
INSPECTOR     EDWARD     WINSKI,    NYPD
LIEUTENANT FRANK VIVIANO, Patrol Boro
Manhattan South Task Force, and NYPD Officer
DOES 1-7,

                                              Defendants.

-----------------------------------------------------------------------x

**ANSWER ON BEHALF
OF INSPECTOR
EDWARD WINSKI AND
LIEUTENANT FRANK
VIVIANO**


15-CV-1917 (PKC)(SN)


**JURY TRIAL DEMANDED**

          Defendants, Edward Winski and Frank Viviano,[1] by their attorney, **ZACHARY
W. CARTER**, Corporation Counsel of the City of New York, as and for their answer to the
Complaint, respectfully allege as follows:

          1.       Deny the allegations set forth in paragraph "1" of the Complaint, and note
that plaintiff's municipal liability theories were dismissed on March 30, 2016.

          2.       Deny the allegations set forth in paragraph "2" of the Complaint, and note
that plaintiff's municipal liability theories were dismissed on March 30, 2016.

          3.       Deny the allegations set forth in paragraph "3" of the Complaint.

          4.       Deny the allegations set forth in paragraph "4" of the Complaint.

          5.       Deny the allegations set forth in paragraph "5" of the Complaint.

          6.       Deny the allegations set forth in paragraph "6" of the Complaint except
admit that plaintiff purports to proceed as stated therein and note that many of plaintiff's claims
were dismissed on March 30, 2016.

---

[1] Defendants note that per the memorandum and order, docket [32], there are no remaining claims against the City of
New York, and defendants request that it be removed from the caption.

7.      Deny the allegations set forth in paragraph "7" of the Complaint except admit that plaintiff purports to proceed as stated therein; and note that many of plaintiff's claims were dismissed on March 30, 2016.

8.      Deny the allegations set forth in paragraph "8" of the Complaint except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the Complaint except admit that plaintiff purports to lay venue as stated therein.

10.     Paragraph "10" of the Complaint is a jury demand to which no response is required.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint except admit that the City of New York is a municipal entity that maintains a police department. Defendants respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department, and note that there are no claims against the City of New York, and it should be removed from the caption.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint except admit that Inspector Edward Winski and Lieutenant Frank Viviano are employed by the New York City Police Department (NYPD). Defendants further note that to the extent paragraph "13" sets forth averments of law no response is required.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint except admit that Inspector

Edward Winski and Lieutenant Frank Viviano are employed by the New York City Police Department (NYPD). Defendants further note that to the extent paragraph "14" sets forth averments of law no response is required.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, and note that many of plaintiff's claims were dismissed on March 30, 2016.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint. Defendants further note that many of plaintiff's claims were dismissed on March 30, 2016 and to the extent paragraph "16" sets forth averments of law no response is required.

17.     Deny the allegations set forth in paragraph "17" of Complaint and note that many of plaintiff's claims were dismissed on March 30, 2016.

18.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit Inspector Winski gave orders to individuals present.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, except admit police were present.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit police gave dispersal orders.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint, except admit plaintiff was arrested.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint except admit plaintiff was arrested.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, and note that plaintiff's claim for false arrest was dismissed on March 30, 2016.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint. Defendants also note that plaintiff's municipal liability theories were dismissed on March 30, 2016.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint. Further to the extent paragraph "64" is an averment of law, no response is required.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint. Further to the extent paragraph "65" is an averment of law, no response is required.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint. Further, defendants note there are no remaining claims against the City of New York.

69.     Deny the allegations set forth in paragraph "69" of the Complaint. Further, defendants note there are no remaining claims against the City of New York.

70.     Deny the allegations set forth in paragraph "70" and its sub-parts of the Complaint. Further, defendants note there are no remaining claims against the City of New York.

71.     Deny the allegations set forth in paragraph "71" of the Complaint. Further, defendants note there are no remaining claims against the City of New York.

72.     Deny the allegations set forth in paragraph "72" of the Complaint. Further, defendants note there are no remaining claims against the City of New York.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Complaint.

76.    Deny the allegations set forth in paragraph "76" of the Complaint.

77.    In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.    Deny the allegations set forth in paragraph "79" of the Complaint.

80.    Deny the allegations set forth in paragraph "80" of the Complaint.

81.    In response to the allegations set forth in paragraph "81" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84.    In response to the allegations set forth in paragraph "96"[2] of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

85.    Deny the allegations set forth in paragraph "97" of the Complaint.

86.    Deny the allegations set forth in paragraph "98" of the Complaint.

87.    Deny the allegations set forth in paragraph "99" of the Complaint.

88.    Deny the allegations set forth in paragraph "100" of the Complaint.

89.     Deny the allegations set forth in paragraph "101" of the Complaint.

90.     Deny the allegations set forth in paragraph "102" of the Complaint.

91.     Deny the allegations set forth in paragraph "103" of the Complaint.

92.     Deny the allegations set forth in paragraph "104" of the Complaint.

93.     Deny the allegations set forth in paragraph "105" of the Complaint.

94.     Deny the allegations set forth in paragraph "106" of the Complaint.

95.     Paragraph "107" of the Complaint is a jury demand and request for damages as well as fees and costs to which no response is required.

## FIRST AFFIRMATIVE DEFENSE:

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed to comply with the conditions precedent to suit.

## FIFTH AFFIRMATIVE DEFENSE:

---

[2] Defendants note that paragraphs "84-95" are missing from the Complaint.

There was probable cause for plaintiff's arrest, detention and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

Plaintiffs' claims may be barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the Complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed, in whole or in part, to comply with New York General Municipal Law § 50(e), §50-h, §50-k and §50-i.

### NINTH AFFIRMATIVE DEFENSE:

Plaintiff provoked any incident.

### TENTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be awarded against the City of New York.

### ELEVENTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to mitigate his alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### THIRTEENTH AFFIRMATIVE DEFENSE:

The individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore they are entitled to qualified immunity from liability.

.

**CONCLUSION**

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                April 27, 2016

                                    **ZACHARY W. CARTER**
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Winksi & Viviano*
                                    100 Church Street,
                                    New York, N.Y. 10007-2601
                                    Tele: 212-356-2323

                          By:      _____/s/_____
                                    Joy Anakhu
                                    Senior Counsel
                                    Special Federal Litigation Division

To:      (**_VIA ECF_**)
         Paul Mills

15-CV-1917 (PKC)(SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALLAS PESOLA,

Plaintiff,

-against-

THE CITY OF NEW YORK,  et al,

Defendants.

**ANSWER**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants Winski & Viviano*
100 Church Street
New York, New York  10007-2601

Of  Counsel: *Joy T. Anakhu*
Tel.: *212-356-2323*

NYCLIS No.: 2015-023590

*Service of which is hereby acknowledged:*

........................................ , N.Y.  Dated:  ...........................................

Signed:  ...............................................................................................

Print Name: ..........................................................................................

Attorney for: ........................................................................................